UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JOSHUA JACKSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    Case No.: |
| | ) |
| | ) |
| **EAST CENTRAL ILLINOIS** | ) |
| **COMMUNITY ACTION AGENCY** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JOSHUA JACKSON ("Plaintiff" or "Jackson"), files his Complaint against the Defendant, EAST CENTRAL ILLINOIS COMMUNITY ACTION AGENCY ("Defendant" or "Community Action"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IRHA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's retaliation based on Plaintiff's refusal to violate an employee's rights under the ADA, Defendant's unlawful discrimination, and retaliation against Plaintiff because of his race.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Jackson, is a citizen of the United States, and was at all times material, a resident of the State of Illinois.

6. Defendant, Community Action, is an Illinois For-Profit Corporation and does business in this Judicial District at 56 North Vermillion St. Danville, Illinois 61832.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On August 23, 2019, Plaintiff dual-filed a timely claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability retaliation.

10. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. On March 31, 2022, the IDHR issued a Notice of Substantial Evidence for Plaintiff's charge of ADA retaliation.

12. On April 14, 2022, the EEOC issued a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC'sNotice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is an African-American male.

15. Plaintiff was employed by Defendant since August 2018 as a full-time employee working or exceeding forty hours per week. At the time of his separation from Defendant Plaintiff held the position of Associate Director of Administration, Human Resources, and Compliance.

16. Plaintiff complained to Angele Thibodeaux-Burns, CEO for Defendant, on several occasions between August 2018 through July 2019 that Defendant was misusing funds by using grant money for taking personal trips.

17. In September 2018, Ms. Thibodeaux-Burns directed Plaintiff to deny an employee's accommodation request based on his disability because Ms. Thibodeaux-Burns did not believe the employee was truthful about his medical diagnosis.

18. Plaintiff refused to deny the employee's accommodation request per Ms. Thibodeaux-Burns's direction.

19. In addition, Plaintiff reported discrimination to Human Resources, the Chief Academic Office, and Ms. Thibodeaux-Burns in which a Caucasian home-base teacher was getting paid more than Hispanic and African-American home-base teachers for doing the exact same job, where the Caucasian employee had less experience and education.

20. On July 10, 2019, Defendant terminated Plaintiff's employment under pretext.

21. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

22. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

23. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

24. Plaintiff has been damaged by Defendant's illegal conduct.

25. Plaintiff has retained the services of undersigned counsel and has agreed to pay saidcounsel reasonable attorneys' fees.

### Count I: Race Discrimination in Violation of Title VII

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated inParagraphs 1-25, above.

27. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

28. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race.

29. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30. Defendant violated Title VII by unlawfully terminating and discriminating againstPlaintiff based on his race.

31. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

32. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

33. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Retaliation in Violation of Title VII

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25, above.

35. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

36. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

37. Defendant's conduct violated Title VII.

38. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

40. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Retaliation in Violation of the ADA

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25, above.

42. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

43. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

44. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and

emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages andother relief.

45. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Race Based Discrimination in Violation of the IHRA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

47. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

48. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's race.

50. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V: Race Based Retaliation in Violation of the IHRA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25

above.

54. Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

55. At all times relevant to this action Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

56. Defendant's conduct violates the IHRA.

57. Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

### Count VI: Disability Based Retaliation in Violation of the IHRA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

61. Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

63. Defendant's conduct violates the IHRA.

64. Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

65. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

66. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found tobe due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*